# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ALICIA T. BEAL, <br><br>            Plaintiff, <br><br> v. <br><br> STATE OF INDIANA, <br> NICOLE DUNCANSON, <br> JOHN DOUGHTY, <br> EZEQUIEL HINOJOSA, <br> JOSHUA MALHER, <br> KATHLEEN SULLIVAN, <br> BERNARD CARTER, <br> ANTHONY J. MOZIER, and <br> DAVID J. KOWALCZYK, <br><br>            Defendants. | CAUSE NO.: 2:18-CV-206-TLS |

## OPINION AND ORDER

Alicia T. Beal, without counsel, filed a complaint and seeks leave to proceed in forma pauperis. 28 U.S.C. § 1915 allows an indigent plaintiff to commence a civil action without prepaying the filing fee. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). When presented with a request to proceed in forma pauperis, the district court makes two determinations. First, whether the claims have sufficient merit to proceed. *Id*. Second, whether paying the filing fee would result in the inability "to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks omitted). If a court finds that the suit lacks sufficient merit or that an inadequate showing of poverty exists, the court must deny leave to proceed in forma pauperis. *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 757 (7th Cir. 1988).

Furthermore, a court must dismiss a case at any time if it determines that the suit is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §1915(e)(2)(B). To determine whether the suit states a claim, the court applies the same standard as it would for a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). In deciding a motion to dismiss under Rule 12(b)(6), the court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). However, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

In this case, Beal satisfies the financial prong of the analysis, but the complaint does not state a claim. Beal cites to 28 U.S.C. § 1985 and § 1986. Section 1985 "prohibits a conspiracy . . . motivated by racial, or other class-based discriminatory animus." *Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008). Section 1986 makes liable those who have the knowledge and ability to stop a conspiracy under § 1985. Here, Beal has neither alleged a conspiracy among the defendants nor that their actions were motivated by discriminatory animus of any type, therefore she does not state a claim under § 1985 or § 1986. Nevertheless, the Court will analyze her claims pursuant to 42 U.S.C. § 1983. "In order to state a claim under § 1983 a plaintiff must allege: (1) that the defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Beal is suing nine defendants for $2.5 million based on events related to her arrest and prosecution. She is suing the State of Indiana Lake County Court. However, the Eleventh Amendment generally precludes a citizen from suing a State or one of its agencies or departments in federal court. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). There are three exceptions to Eleventh Amendment immunity: (1) suits directly against the State based on a cause of action where Congress has abrogated the state's immunity from suit; (2) suits directly against the State if the State waived its sovereign immunity; and (3) suits against a State official seeking prospective equitable relief for ongoing violations of federal law. *MCI Telecommunications Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999). None of these exceptions applies here. Congress did not abrogate the States' immunity through the enactment of §1983. *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005). Indiana has not consented to this lawsuit. And Beal is only seeking monetary damages based on past events. Therefore, the claims against the State of Indiana must be dismissed.

Beal alleges that Judge Kathleen Sullivan knowingly approved a meritless probable cause affidavit, issued a warrant for her arrest, and told her she did not have a right to a speedy trial. However, a judge is entitled to absolute immunity for judicial acts regarding matters within the court's jurisdiction, even if the judge's "exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Because reviewing probable cause affidavits, issuing arrest warrants, and advising arrestees of their rights are all within the jurisdiction of a State criminal court, Judge Sullivan has immunity from suit and the claims against her must be dismissed.

Beal alleges Prosecuting Attorney Bernard Carter and Deputy Prosecuting Attorney David J. Kowalczyk approved filing charges against Beal even though there were two different

police reports about her activities. However, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Beal also alleges that Deputy Prosecuting Attorney Joshua Malher did not disclose exculpatory evidence. Beal does not explain what exculpatory evidence was withheld from her. Nevertheless, "determining whether information is 'exculpatory' and 'material' and therefore must be disclosed pursuant to a *Brady* request are actions that require the prosecutor to exercise his professional judgment." *Moore v. Valder*, 65 F.3d 189, 197 (D.C. Cir. 1995). "Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (quotation marks and citation omitted). Therefore the claims against Bernard Carter, David J. Kowalczyk, and Joshua Malher must be dismissed.

Beal alleges that Police Chief John Doughty, Captain Ezequiel Hinojosa, and Lt. Anthony J. Mozier refused to allow her to file a formal complaint against Detective Nicole Duncanson, though Assistant Chief A. Short eventually accepted the complaint. However, police officers cannot be held liable in a § 1983 action for refusing to take a police report because there is no "constitutional right to have the police investigate . . . ." *Rossi v. City of Chi.*, 790 F.3d 729, 735 (7th Cir. 2015). Moreover, even if such a right existed, Beal has not alleged she suffered any injury from the brief delay in filing a complaint. Therefore the claims against John Doughty, Ezequiel Hinojosa, and Anthony J. Mozier must be dismissed.

Finally, Beal alleges that Detective Nicole Duncanson violated her rights in several ways. Detective Duncanson wrote a police report which contained "completely different information from a police report taken by" Officer E. Cook. [ECF No. 1 at 4.] Beal alleges "Det. Nicole Duncanson did surely commit perjury I.C. 35-44.1-2-1 because the facts in her report were

different from Officer E. Cook's report." [ECF No. at 5.] Both reports are attached to the complaint. [ECF No. at 21–26.] Officer Cook wrote a short report based on his interview of Jaquita M. George minutes after she called the police to say Beal had followed her car to a parking lot and waived a gun while screaming at her. Detective Duncanson wrote a long report weeks later based on her interviews of Jaquita George, a minor passenger who was in the car at the time, and Alicia Beal. Neither report is based on the personal knowledge of either reporting officer. Both are based on separate interviews of witnesses. As such, merely alleging that Detective Duncanson wrote a report with different information than a prior report does not state a claim.

Beal alleges that Detective Duncanson asked her "to sign a Miranda Warning [but] failed to read the Miranda Warning Rights before questioning; she did so about the end of questioning." [ECF No. 1 at 6.] However,

> The Constitution and laws of the United States do not guarantee [the plaintiff] the right to *Miranda* warnings. They only guarantee him the right to be free from self-incrimination. The *Miranda* decision does not even suggest that police officers who fail to advise an arrested person of his rights are subject to civil liability; it requires, at most, only that any confession made in the absence of such advice of rights be excluded from evidence. No rational argument can be made in support of the notion that the failure to give Miranda warnings subjects a police officer to liability under the Civil Rights Act § 1983.

*Hensley v. Carey*, 818 F.2d 646, 650 (7th Cir. 1987) (quoting *Bennett v. Passic*, 545 F.2d 1260, 1263 (10th Cir. 1976)); s*ee also Hanson v. Dane Cty.*, 608 F.3d 335, 339 (7th Cir. 2010). Therefore, this allegation does not state a claim.

Beal alleges "[d]ue to Detective Duncanson's failure to investigate the case properly, I was charged . . . ." [ECF No. 1 at 6.] However, "there is no such thing as a constitutional right not to be prosecuted without probable cause." *Serino v. Hensley*, 735 F.3d 588, 593 (7th Cir. 2013). Beal also alleges that Duncanson should not have believed Jaquita George's allegations

5

about the gun because she had previously harassed Beal and made untrue statements. However, there is no "constitutional right to have the police investigate . . . to his level of satisfaction." *Rossi*, 790 F.3d at 735. Therefore these allegations do not state a claim.

Beal alleges that "Det. Duncanson changed the report in order to have a warrant issued for [her] arrest." [ECF No. 1 at 7.] The Fourth Amendment is violated "if the requesting officer knowingly, intentionally, or with reckless disregard for the truth, makes false statements in requesting the warrant and the false statements were necessary to the determination that a warrant should issue." *Betker v. Gomez*, 692 F.3d 854, 860 (7th Cir. 2012) (quoting *Knox v. Smith*, 342 F.3d 651, 658 (7th Cir. 2003)). Here, it is unclear what statements Beal believes were changed. What is clear is that the substance of the two police reports are the same and that the first one was sufficient to have obtained an arrest warrant for Beal when it recounted that, "Jaquita stated she was driving . . . and noticed a vehicle following her . . . into a parking spot [where] Alicia Beal pulled next to her screaming, yelling, and waiving a gun." [ECF No. 1 at 23.] As such, nothing in Det. Duncanson's report was necessary to the warrant determination.

Thus, this complaint does not state a claim. Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed sua sponte, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here.

For these reasons, the in forma pauperis motion [ECF No. 2] is DENIED and this case is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because this complaint does not state a claim.

SO ORDERED on October 18, 2018.

    s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT